UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| CANADIAN BREAKS LLC, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A. <br><br> Defendant. | Civil Action No. |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, JPMorgan Chase Bank, N.A. ("JPMorgan") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds for removal, JPMorgan states as follows:

1. JP Morgan is a defendant in a civil action pending in the District Court of Deaf Smith County, Texas, styled *Canadian Breaks LLC v. JPMorgan Chase Bank, N.A.*, Cause No. CI-2021C-010 (the "State Action").

2. Plaintiff Canadian Breaks LLC commenced the State Action on March 1, 2021 by filing Plaintiff's Original Petition And Request For Disclosure (the "Petition").

### REMOVAL PROCEDURE

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4. The Amarillo Division of the Northern District of Texas is the United States district and division embracing Deaf Smith County, Texas, the county in which the State Action is pending.

5. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

6. This notice of removal is filed within 30 days of receipt of the initial pleading setting forth the claim for relief. Plaintiff served JP Morgan with the Petition on March 2, 2021. Accordingly, this Notice of Removal is timely.

7. Promptly after the filing of this Notice of Removal, JPMorgan shall give written notice of the removal to Plaintiff and to the Clerk of the District Court of Deaf Smith County, Texas, pursuant to 28 U.S.C. § 1446(d).

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, attached as **Exhibit A** is a copy of the state court docket sheet and each document filed in the state court.

**GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C § 1332 because this is a civil action between diverse parties with an amount in controversy exceeding $75,000.

**A.  The Amount In Controversy Exceeds $75,000.**

10. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). "When the validity of a contract or a

right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).

11. "A court can determine that removal was proper if it is facially apparent that the claims are likely above [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

12. According to the face of the Petition, Plaintiff seeks "[a] declaratory judgment that the Force Majeure provision" of an agreement with JPMorgan "relieved the [plaintiff] of its contractual obligations, in whole or in part, to deliver electricity to JP Morgan from February 9 at 3:00 a.m. to February 19, 2021 at 10:59 a.m. Central Time, including without limitation JP Morgan's demand that the [plaintiff] pay $71,863,420.87 or any further amounts that JP Morgan may invoice for accelerated payment of damages." Exhibit A, Petition at 10.

13. As plaintiff seeks to avoid payment of over $70 million, the amount in controversy in this matter exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

**B.    Complete Diversity Exists.**

*Defendant JPMorgan is a citizen of Ohio.*

14. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMorgan is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, at all relevant times, JPMorgan has been a citizen of Ohio.

***Plaintiff Canadian Breaks LLC is a citizen of Delaware, New Jersey, New York, and Canada.***

15. The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1).

16. Plaintiff Canadian Breaks LLC is a limited liability company with one member: Canadian Breaks Holdings, LLC.

17. Canadian Breaks Holdings, LLC is a limited liability company with three members: Siemens Financial Services, Inc.; Atrim Corporation; and Canadian Breaks SponsorCo, LLC.

18. Siemens Financial Services, Inc. is a corporation incorporated in Delaware with its principal place of business in New Jersey. It is therefore a citizen of Delaware and New Jersey.

19. Atrim Corporation is a corporation incorporated in New York with its principal place of business in New York. It is therefore a citizen of New York.

20. Canadian Breaks SponsorCo, LLC is a limited liability company whose sole member is NCP Canadian Breaks Holdings LLC. In turn, NCP Canadian Breaks Holdings LLC is also a limited liability company, and all of its members are citizens of Canada. Canadian Breaks SponsorCo, LLC is therefore a citizen of Canada.

21. Canadian Breaks Holdings, LLC (Plaintiff's sole member) is therefore a citizen of Delaware, New Jersey, New York, and Canada.

22. Plaintiff Canadian Breaks LLC is therefore also a citizen of Delaware, New Jersey, New York, and Canada.

23. Because the amount in controversy exceeds $75,000 and Defendant is a citizen of Ohio while Plaintiff is a citizen of Delaware, New Jersey, New York, and Canada, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, JPMorgan requests that the above-described action be removed to this Court.

Respectfully submitted this 9th day of March, 2021.

By: */s/ Craig Stanfield*

Craig Stanfield
Texas Bar No. 24051371
King & Spalding LLP
1100 Louisiana
Suite 4100
Houston, TX 77002
Tel: 713-751-3200
cstanfield@kslaw.com

Richard T. Marooney (NYSB # 2678100, *pro hac to be filed*)
Alvin Lee (NYSB #4829545, *pro hac to be filed*)
Matthew Bush (NYSB #5183538, *pro hac to be filed*)
King & Spalding LLP
1185 6th Avenue
New York, NY 10036
rmarooney@kslaw.com
alvin.lee@kslaw.com
mbush@kslaw.com
Tel: 212-556-2100

*Counsel for JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by electronic mail and by depositing a copy of the same in the United States Mail, priority mail express, addressed to counsel of record as follows:

Craig F. Simon (Texas Bar # 00784968)
Loewinsohn Deary Simon Ray LLP
12377 Merit Drive, Suite 900
Dallas, TX 75251
Telephone: (214) 572-1700
Facsimile: (214) 572-1717
craigs@ldsrlaw.com

Richard K. Welsh (California Bar # 208825)
Alpha Trial Group, LLP
10940 Wilshire Blvd., Suite 600
Los Angeles, CA 90024
Telephone: (310) 562-4550
rwelsh@atgllp.com

By: */s/ Craig Stanfield*
Craig Stanfield

*Counsel for JPMorgan Chase Bank, N.A.*