IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CANADIAN BREAKS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-37-M-BR |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

This case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a Standing Order of Reference from Chief United States District Judge Barbara M. G. Lynn. (ECF 8). For the reasons discussed below, the undersigned recommends that Plaintiff Canadian Breaks, LLC's Motion to Remand and Brief in Support ("Motion to Remand") (ECF 20) be DENIED.

## I.    BACKGROUND

Plaintiff Canadian Breaks, LLC ("Canadian Breaks") commenced this action in state court in Deaf Smith County, Texas on March 1, 2021. (ECF 1-1 at 5–15). Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") removed the case to federal court on March 9, 2021 on the basis of diversity jurisdiction. (ECF 1 at 1–6). In its Notice of Removal, JPMorgan alleges the following:

> 16. Plaintiff Canadian Breaks LLC is a limited liability company with one member: Canadian Breaks Holdings, LLC.

> 17. Canadian Breaks Holdings, LLC is a limited liability company with three members: Siemens Financial Services, Inc.; Atrim Corporation; and Canadian Breaks SponsorCo, LLC.

1

18. Siemens Financial Services, Inc. is a corporation incorporated in Delaware with its principal place of business in New Jersey. It is therefore a citizen of Delaware and New Jersey.

19. Atrim Corporation is a corporation incorporated in New York with its principal place of business in New York. It is therefore a citizen of New York.

20. Canadian Breaks SponsorCo, LLC is a limited liability company whose sole member is NCP Canadian Breaks Holdings LLC. In turn, NCP Canadian Breaks Holdings LLC is also a limited liability company, and all of its members are citizens of Canada. Canadian Breaks SponsorCo, LLC is therefore a citizen of Canada.

21. Canadian Breaks Holdings, LLC (Plaintiff's sole member) is therefore a citizen of Delaware, New Jersey, New York, and Canada.

22. Plaintiff Canadian Breaks LLC is therefore also a citizen of Delaware, New Jersey, New York, and Canada.

(*Id.* at 4).

On March 22, 2021, the Court entered an Order to Properly Allege Citizenship, stating that JPMorgan "appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to properly allege the citizenship of Plaintiff Canadian Breaks LLC." (ECF 9 at 1). Specifically, the Court pointed to the portion of the Notice of Removal which alleges the following:

20. Canadian Breaks SponsorCo, LLC is a limited liability company whose sole member is NCP Canadian Breaks Holdings LLC. In turn, NCP Canadian Breaks Holdings LLC is also a limited liability company, and **all of its members are citizens of Canada**. Canadian Breaks SponsorCo, LLC is therefore a citizen of Canada.

(*Id.*). The Court held that JPMorgan failed to properly allege the citizenship of Canadian Breaks SponsorCo, LLC, because JPMorgan had not specifically alleged the citizenship of every member of the limited liability company. (*Id.*); *see Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A [removing] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in

2

a litigation [at the time of removal].”); *see also Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (“All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members.”). The Court ordered JPMorgan to file an amended notice of removal and properly allege diversity of citizenship by April 12, 2021. (*Id.* at 2).

On April 6, 2021, JPMorgan filed an Expedited Motion for Leave to Conduct Jurisdictional Discovery and to Vacate the April 12, 2021 Deadline Or, in the Alternative, to Treat the Original Notice of Removal as Facially Sufficient (“Motion to Conduct Jurisdictional Discovery”), with a brief and appendix. (ECF 16 – ECF 18). By that motion, JPMorgan explained that “[t]hrough exhaustive diligence, JPMorgan . . . ascertained nearly all of the corporate/ownership structure of” Canadian Breaks, but it had “not been able to identify the limited partners of certain Ontario limited partnerships in Canadian Breaks’[s] ownership chain because that information is not publicly available.” (ECF 16 at 1). JPMorgan claimed that Canadian Breaks had “not agreed to provide the information to JPMorgan, despite repeated requests.” (*Id.* at 1–2). JPMorgan moved the Court to order that JPMorgan may serve jurisdictional discovery requests on Canadian Breaks related to the deficiencies identified in JPMorgan’s Notice of Removal by the Court’s Order to Properly Allege Citizenship, and that JPMorgan be allowed to delay filing an amended notice of removal until after Canadian Breaks responds to such requests. (ECF 16-1 at 1–2; *see* ECF 9 at 1–2).

The next day, the Court ordered expedited briefing on this matter and vacated JPMorgan’s deadline to file an amended notice of removal. (ECF 19 at 1). Canadian Breaks filed a response to JPMorgan’s Motion to Conduct Jurisdictional Discovery, with an appendix, on April 14, 2021.

(ECF 22 – ECF 23). JPMorgan filed a reply to Canadian Breaks's response on April 27, 2021. (ECF 29).

Canadian Breaks filed its Motion to Remand on April 8, 2021. (ECF 20). By that motion, Canadian Breaks argues that the removal of this case "was an improper 'protective removal'" and thus "remand is appropriate." (*Id.* at 1–2). JPMorgan filed a response on April 28, 2021. (ECF 31). Canadian Breaks filed a reply to JPMorgan's response on May 12, 2021. (ECF 43).

The Court conducted an initial pretrial and scheduling conference on April 30, 2021, during which the Court heard arguments from the parties on the issues raised in the Court's Order to Properly Allege Citizenship, JPMorgan's Motion to Conduct Jurisdictional Discovery, and Canadian Breaks's Motion to Remand. (*See* ECF 30 at 1). Following the conference, the Court, having considered JPMorgan's Motion to Conduct Jurisdictional Discovery and the parties' related arguments during the April 30, 2021 conference, denied JPMorgan's motion regarding discovery without prejudice. (ECF 36 at 1). The Court, however, stated during the conference and in its order that it would "consider [JPMorgan's] arguments raised in support of its Motion to Conduct Jurisdictional Discovery (*see* ECF 16 – ECF 18; ECF 29) when addressing [Canadian Breaks's] Motion to Remand and Brief in Support (ECF 20)," noting that JPMorgan had incorporated by reference the arguments raised in its Motion to Conduct Jurisdictional Discovery and reply brief in its response to Canadian Breaks's Motion to Remand. (*Id.* at 1 & n.1; *see* ECF 31 at 1).

## II.    LEGAL STANDARD

"A removable claim is one over which federal courts have original jurisdiction." *Eclipse Aesthetics LLC v. Regenlab USA, LLC*, No. 3:16-CV-1448-M, 2016 WL 4800342, at *2 (N.D. Tex. Sept. 12, 2016) (citing 28 U.S.C. § 1441(a)). "District courts generally may hear a case only if it involves a question of federal law or if complete diversity of citizenship exists between the

parties and the amount in controversy exceeds $75,000." *Amdall v. Atrium Windows & Doors, Inc.*, No. 3:16-CV-497-M, 2016 WL 3654413, at *1 (N.D. Tex. July 7, 2016) (citing 28 U.S.C. §§ 1331, 1332). Complete diversity of citizenship "means that each plaintiff must have a different citizenship from each defendant." *Eclipse Aesthetics LLC*, 2016 WL 4800342, at *2 (citing *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988)). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing it." *Amdall*, 2016 WL 3654413, at *1 (citing *Garcia v. Koch Oil Co. of Texas Inc*., 351 F.3d 636, 638 (5th Cir. 2003)). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp.*, 841 F.2d at 1259 (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc*., 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995) (citations omitted)). Thus, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III.    ANALYSIS

The Court begins by noting that the briefing contained within Canadian Breaks's Motion to Remand (ECF 20), JPMorgan's response (ECF 31), and Canadian Breaks's reply (ECF 43) is fairly minimal, because many of the parties' arguments were made in the briefing for JPMorgan's Motion to Conduct Jurisdictional Discovery (ECF 16 – ECF 18; ECF 22 – ECF 23; ECF 29). However, the Court has considered the arguments made in JPMorgan's Motion to Conduct

Jurisdictional Discovery and oral arguments made at the conference on April 30, 2021, in addition to the arguments made in Canadian Breaks's Motion to Remand.

Still, some of those arguments are irrelevant to the Court's consideration of Canadian Breaks's Motion to Remand. For example, the Court has denied JPMorgan's request for Court-ordered jurisdictional discovery, based on Canadian Breaks's representations to JPMorgan and the Court that it would not be able to produce any jurisdictional discovery responses beyond that which had already been provided to JPMorgan. (*See* ECF 40 at 9–10, 35). As such, the Court has considered the arguments that it understands to be each party's current position on the ultimate issue: whether JPMorgan has sufficiently alleged Canadian Breaks's citizenship in its Notice of Removal to establish diversity jurisdiction, or whether the Court should remand the case to state court.

### A. JPMorgan's Citizenship

Although the Court's Order to Properly Allege Citizenship only held that JPMorgan had failed to properly allege the citizenship of Canadian Breaks, the Court notes that the parties also dispute JPMorgan's citizenship. As such, the Court will begin by addressing those arguments.

It is undisputed that JPMorgan is a national banking association. Relying on the Fifth Circuit's 2004 decision in *Horton v. Bank One, N.A.*, Canadian Breaks argues that "a national bank is a citizen of the state where it has its '*principal place of business* and the state listed in its organization certificate and its articles of association.'" (ECF 22 at 17) (citing *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004)). As such, Canadian Breaks contends that JPMorgan is a citizen of Ohio and New York. (*Id.* at 17–18).

JPMorgan disagrees, asserting that "two years after *Horton*, the U.S. Supreme Court held that a national bank 'is a citizen of the State in which its main office, as set forth in its articles of

6

association, is located.'" (ECF 29 at 2) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)). JPMorgan insists that it has properly alleged its own citizenship, and it is only a citizen of Ohio. (*Id.* at 2–4).

The Court agrees with JPMorgan. The United States Supreme Court clearly stated in *Wachovia Bank* that a national banking association is a citizen of the state where its "main office, as set forth in its articles of association, is located." *Wachovia Bank*, 546 U.S. at 307. Relying on the Supreme Court's holding in *Wachovia*, the Fifth Circuit has likewise concluded that a national bank is only a citizen of the state in which its main office is located, as designated in the national bank's articles of association. *See, e.g., Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017); *Nguyen v. Bank of Am., N.A.*, 539 F. App'x 325, 327 n.1 (5th Cir. 2013); *see also Dylon v. Bank of Am., N.A.*, No. 3:17-CV-134-M-BN, 2017 WL 2266938, at *5 (N.D. Tex. Apr. 28, 2017), *report and recommendation adopted*, 2017 WL 2255195 (N.D. Tex. May 23, 2017); *Ainsworth v. Wells Fargo Home Mortg., Inc.*, No. 3:14-CV-1942-M, 2014 WL 7273945, at *4 (N.D. Tex. Dec. 22, 2014).

JPMorgan alleges that it "is a national association with its main office, as designated by its articles of association, in Columbus, Ohio." (ECF 1 at 3). Therefore, for purposes of diversity jurisdiction in this action, JPMorgan is only a citizen of Ohio.

### B. Canadian Breaks's Citizenship

Canadian Breaks contends that JPMorgan failed to obtain "the information necessary to support its removal notice, [and] instead it opted to improperly remove the case without the factual basis to do so." (ECF 22 at 6). Canadian Breaks argues that this constitutes "an improper 'protective removal," and "the remedy for a protective removal is remand[.]" (ECF 20 at 1) (citing

*Hopkins v. Crown Assoc's, LLC*, No. 18-595-BAJ-EWD, 2018 WL 8496020, at *7–8 (M.D. La. Oct. 25, 2018)); (ECF 22 at 5, 8–9; ECF 43 at 8).

JPMorgan argues that Canadian Breaks wrongly claims, "the Fifth Circuit has repeatedly stated that 'protective removals' are disfavored." (ECF 31 at 2) (quoting ECF 20 at 1). Further, JPMorgan asserts that its removal of the case was not improper, but instead, JPMorgan "diligently investigated the ownership structure of" Canadian Breaks prior to removal. (*Id.* at 1–2). JPMorgan explains that it conducted a reasonable investigation into Canadian Breaks's ownership structure, but after exhaustive efforts, JPMorgan has been unable to discover the citizenship of every entity within Canadian Breaks's complex ownership structure. (*Id.* at 2–3; ECF 17 at 5–12).

JPMorgan's Notice of Removal alleges that Canadian Breaks is a limited liability company with one member: Canadian Breaks Holdings, LLC, which is alleged to be a limited liability company with three members. (ECF 1 at 4). One of those three members is alleged to be Canadian Breaks SponsorCo, LLC, which is alleged to be a limited liability company with one member: NCP Canadian Breaks Holdings LLC. (*Id.*). The Notice of Removal traces Canadian Breaks's citizenship "down the chain" by stating that NCP Canadian Breaks Holdings LLC "is also a limited liability company, and all of its members are citizens of Canada." (*Id.*).

In its Motion for Jurisdictional Discovery, JPMorgan explains that "[a]fter diligently investigating the ownership structure of Canadian Breaks SponsorCo, LLC, JPMorgan's understanding was that its ownership chain ultimately led to Northleaf Capital Partners, Ltd., a corporation headquartered and organized under the laws of Ontario, Canada—and that it was therefore a citizen of Canada." (ECF 17 at 7). However, in response to the Court's Order to Properly Allege Citizenship, JPMorgan conducted additional research to trace Canadian Breaks's citizenship further "down the chain" through every tier or layer of its ownership structure and then

discovered that the sole member of NCP Canadian Breaks Holdings LLC is NCP Canadian Breaks Holdings, LP. (*Id.* at 7–8). JPMorgan states that NCP Canadian Breaks Holdings, LP is a Delaware limited partnership with four partners:

1. **NCP Canadian Breaks GP LLC**, a Delaware limited liability company whose sole member is Northleaf Capital Partners Ltd., an Ontario, Canada corporation. *See* App'x at 7–8 ¶ 9 (Lee Decl.). NCP Canadian Breaks GP LLC is therefore a citizen of Canada.

2. **Northleaf Stampede Infrastructure Partners LP**, an Ontario limited partnership whose general partner is Northleaf Capital Partners (Canada) Ltd., an Ontario corporation. *See* App'x at 13–15. JPMorgan has been unable to determine the limited partners of Northleaf Stampede Infrastructure Partners LP because that information is not publicly available. *See* App'x at 7–8 ¶¶ 8–10 (Lee Decl.).

3. **Northleaf Infrastructure Holdings III QFPF Partnership**, an Ontario general partnership with two partners: Northleaf Capital Partners (Canada) Ltd., an Ontario corporation, and Northleaf Infrastructure Capital Partners (Canada) III QFPF LP, an Ontario limited partnership. *See* App'x at 16–19.

- Northleaf Infrastructure Capital Partners (Canada) III QFPF LP's general partner is Northleaf NICP III GP Ltd., an Ontario corporation. *See* App'x at 20–22. JPMorgan has been unable to determine the limited partners of Northleaf Infrastructure Capital Partners (Canada) III QFPF LP because that information is not publicly available. *See* App'x at 7–8 ¶¶ 8–10 (Lee Decl.).

4. **Northleaf Infrastructure Holdings III Partnership**, an Ontario general partnership with two partners: Northleaf Capital Partners (Canada) Ltd., an Ontario corporation, and Northleaf Infrastructure Capital Partners (Canada) III LP, an Ontario limited partnership. *See* App'x at 23–26.

- Northleaf Infrastructure Capital Partners (Canada) III LP's general partner is Northleaf NICP III GP Ltd., an Ontario corporation. *See* App'x at 27–29. JPMorgan has been unable to determine the limited partners of Northleaf Infrastructure Capital Partners (Canada) III LP because that information is not publicly available. *See* App'x at 7–8 ¶¶ 8–10 (Lee Decl.).

(*Id.* at 8–9; *see* ECF 18 at 7–8, 11–32).

JPMorgan explains that it has done comprehensive research to determine the citizenship of NCP Canadian Breaks Holdings, LP but, as detailed above, has been unable to ascertain every member or partner of each of NCP Canadian Breaks Holdings, LP's four partners. (ECF 17 at 7).

> Specifically, counsel for JPMorgan has reviewed documents relating to the agreements at issue in this case—as well as ancillary agreements between the parties—for citizenship and ownership information regarding [NCP Canadian Breaks Holdings LLC]. *See* App'x at 7 ¶ 3 (Declaration of Alvin Lee dated April 5, 2021 ("Lee Decl.")). In addition, counsel for JPMorgan has searched public business records in Delaware and Ontario, Canada regarding the relevant entities in [NCP Canadian Breaks Holdings LLC]'s ownership chain. *See* App'x at 7 ¶ 4 (Lee Decl.). Counsel for JPMorgan has further consulted with corporate counsel in Canada to inquire as to any other publicly available sources of ownership information for the Canadian entities in [NCP Canadian Breaks Holdings LLC]'s ownership chain. *See* App'x at 7 ¶ 5.

(*Id.* at 7–8; *see* ECF 18 at 6–10).

JPMorgan also details its extensive efforts to obtain this information directly from Canadian Breaks. (ECF 17 at 9–12; *see* ECF 18 at 34–53). However, Canadian Breaks represented that it has provided all the information related to its ownership structure that it is able to make available to JPMorgan. (*See* ECF 40 at 9–10, 35; *see also* ECF 22 at 6, 13; ECF 23 at 4–8). Although "the proper remedy is to permit jurisdictional discovery" when a party "refuses to disclose non-public citizenship information in its possession," JPMorgan contends that ordering jurisdictional discovery would be unproductive at this point. (ECF 17 at 12) (quoting *Saulsbury Ind., Inc. v. Cabot Corp.*, No. 6:19-0007, 2019 WL 5493353, at *3 (W.D. La. Oct. 24, 2019) and citing *Murchison Cap. Partners*, 2013 WL 12094167, at *3 (granting leave to conduct jurisdictional discovery where "Counsel for Plaintiffs possesses citizenship information which it has refused to disclose and which is not otherwise publicly available"); *Unified 2020 Realty Partners, L.P. v. Proxim Wireless Corp.*, No. 3:11-CV-0861-D, 2011 WL 2650199, at *2 (N.D. Tex. July 6, 2011) (permitting jurisdictional discovery where plaintiff refused to disclose identity

and citizenship of limited partners); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Greystone Servicing Corp.*, No. 3:06-CV-0575-P, 2006 WL 2285638, at *4 (N.D. Tex. July 31, 2006) (same); *Garbin v. Gulf S. Pipeline Co.*, No. 01-2659, 2001 WL 1386067, at *2 (E.D. La. Nov. 7, 2001) (same)).

Rather, JPMorgan contends that "the allegations in JPMorgan's Notice of Removal should be deemed sufficient to proceed in this Court," because "JPMorgan has exercised exhaustive diligence into the citizenship and ownership structure of Canadian Breaks and has not uncovered any information to suggest that the parties are not diverse." (*Id.* at 14; ECF 31 at 2). JPMorgan explains that it should be permitted to plead on information and belief that Canadian Breaks's members are not citizens of Ohio, and it should be allowed to proceed on that basis unless and until Canadian Breaks identifies a non-diverse citizen in its ownership structure—at which time the Court can resolve the factual dispute regarding that citizen. (ECF 17 at 5–6, 14–17; ECF 31 at 2–3).

Canadian Breaks correctly states that a federal court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." (ECF 22 at 19–20; ECF 43 at 2–3); *Settlement Funding, L.L.C.*, 851 F.3d at 537 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Generally, a party must distinctly and affirmatively allege parties' citizenship as opposed to pleading the parties' citizenship "upon information and belief." *See Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017); *see Getty Oil Corp.*, 841 F.2d at 1259 (holding that allegation defendant, on information and belief, was not a citizen of specific states did not establish

11

defendant's citizenship for diversity purposes, because citizenship must be distinctly and affirmatively alleged).

As United States District Judge Sean D. Jordan recently noted in *Hise Real Estate Investments, LP v. Great Lakes Insurance SE*:

> The Fifth Circuit has not expressly held that a party may plead the citizenship of an opposing party "upon information and belief." However, in an unpublished opinion, the Fifth Circuit approved removal where defendants "asserted 'on information and belief' that all 308 plaintiffs were citizens of Texas" and where the plaintiffs "failed to demonstrate that this was incorrect." *Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000) (unpublished table decision) ("Because unrebutted allegations of citizenship in a removal petition based on information and belief is sufficient to satisfy the removal statute, the defendants have satisfied the first requirement for diversity jurisdiction." (citation omitted)). And at least one court in this circuit, relying on *Volentine*, has expressly held that jurisdictional allegations of citizenship may be made upon information and belief. *Rollins v. Fitts*, No. 1:18-cv-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) (noting that the Fifth Circuit has yet to expressly hold that information-and-belief allegations regarding citizenship are proper but citing *Volentine* to conclude that the Fifth Circuit would likely hold so). Others have likewise concluded that the Fifth Circuit follows this practice or have concluded that information-and-belief allegations of citizenship are proper without analyzing the issue.

*Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *2 (E.D. Tex. Jan. 21, 2021). As further noted in *Hise*:

> . . . other circuits *have* expressly held that parties may properly plead diversity of citizenship upon information and belief. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief so long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Carolina Cas. Ins. Co. v. Tamp Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Heilman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state). Further, the Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably, highlighting "the principle that when discoverable information is in the control and possession of a defendant,

it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Innova*, 892 F.3d at 730 (citing *Lincoln*, 800 F.3d at 107 n.31).

Nevertheless, at least one other district court within this circuit has prohibited parties from alleging the citizenship of opposing parties based upon information and belief. *See, e.g., Sanchez v. Aburto*, No. 3:18-CV-2460, 2018 WL 4953147, at *2 (N.D. Tex. Oct. 12, 2018); *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017).

*Id.* at *2–3.

JPMorgan has demonstrated its extensive efforts to ascertain Canadian Breaks's citizenship—despite an ownership structure that becomes exponentially more complicated down every layer or tier—by investigating publicly available sources, consulting with Canadian legal counsel, and obtaining directly from Canadian Breaks the information it is able to provide to JPMorgan. (*See* ECF 17 at 5–17; ECF 18 at 5–53; ECF 31 at 2–3). Based on those efforts, JPMorgan has provided a detailed—but not complete—pleading of Canadian Breaks's citizenship through numerous layers or tiers of its ownership structure. (*See* ECF 17 at 7–9).

Canadian Breaks represented to JPMorgan and this Court that it would not be able to provide any additional information in response to potential discovery requests from JPMorgan, because it does not have access to any further information. (*See* ECF 40 at 9–10, 35; *see also* ECF 22 at 6, 13; ECF 23 at 4–8). What is not abundantly clear to the Court is how the remaining jurisdictional information could be obtained by JPMorgan or Canadian Breaks.[1] However, it appears clear to the Court that JPMorgan made a diligent attempt to obtain this information, and that the information is not within the control or possession of JPMorgan—or even Canadian Breaks. The Court joins with Judge Jordan in his "belief that the Fifth Circuit would apply the

---

[1] The Court notes that the parties did not necessarily agree in their briefing or at the April 30, 2021 conference as to what jurisdictional information has not yet been determined or from whom they would be able to obtain that information. (*See generally* ECF 16 – ECF 18; ECF 20; ECF 22 – ECF 23; ECF 29; ECF 31; ECF 40; ECF 43).

principle in *Innova*—'that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint'—equally to the inverse situation in which plaintiffs possess the discoverable information." *Hise Real Est. Invs., LP*, 2021 WL 217264, at *3 (quoting *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018)).

Although JPMorgan bears the burden of adequately alleging diversity jurisdiction, and "any doubt about the propriety of removal must be resolved in favor of remand," the Court, at this time, has no such doubts because JPMorgan has demonstrated its ability to allege complete diversity in good faith. *See Gasch*, 491 F.3d at 281–82; *Garcia*, 351 F.3d at 638; *Hise Real Est. Invs., LP*, 2021 WL 217264, at *4. Consequentially, JPMorgan should be granted leave to amend its notice of removal and allege complete diversity on information and belief. *See Rollins*, 2019 WL 138166, at *2 ("The Fifth Circuit has yet to expressly state that a plaintiff may or may not plead the citizenship of an LLC's membership on information and belief. But the Court is persuaded that they would hold a plaintiff may do so."); *BSG Clearing Sols. N. Am., LLC v. Durham Tech., LLC*, No. SA-17-CV-1097-XR, 2018 WL 6219812, at *3–4 (W.D. Tex. Nov. 20, 2018) (holding that plaintiffs "provided a sufficient basis for subject-matter jurisdiction" when they "made a good-faith attempt to ascertain the citizenship of the [defendant] LLC members"); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs.*, LLC, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief.") (citing *Lincoln*, 800 F.3d at 108). JPMorgan should be allowed to proceed in federal

court unless and until Canadian Breaks can identify any of its members who are citizens of Ohio, thus destroying diversity jurisdiction. *See Lincoln*, 800 F.3d at 108.

## IV.    RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that Plaintiff Canadian Breaks, LLC's Motion to Remand and Brief in Support (ECF 20) be DENIED. Further, the undersigned RECOMMENDS that Defendant JPMorgan Chase Bank, N.A. be granted leave to file an amended notice of removal and allege complete diversity on information and belief, if appropriate, within 14 days after the Chief District Judge rules on this Recommendation.

## V.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED September 14, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).