IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CANADIAN BREAKS LLC,

     Plaintiff,

v.                                                                            2:21-CV-037-Z

JPMORGAN CHASE BANK, N.A.,

     Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMorgan Chase Bank's Motion to Stay Remand Order Pending Appeal ("Motion to Stay"), filed April 21, 2026. ECF No. 239. Plaintiff Canadian Breaks LLC opposes the Motion to Stay. ECF No. 240 at 20.

The Court **GRANTS** the Motion to Stay. The Clerk of the Court is **DIRECTED** to inform the 222nd District Court of Deaf Smith County, Texas that the Court's Order remanding this case ("Remand Order") (ECF No. 234) remains **STAYED** pending JPMorgan's appeal to the United States Court of Appeals for the Fifth Circuit.

BACKGROUND

JPMorgan's Motion to Stay asks the Court to enter an order "clarifying that this Court's March 31, 2026 order remanding this action to the 222nd District Court in Deaf Smith County, Texas is stayed in accordance with Federal Rule of Civil Procedure 62(a)." ECF No. 240 at 7 (internal citations omitted). The Court remanded this case to state court because JPMorgan removed this case to federal court but never established federal jurisdiction. ECF No. 234. Because another district judge entered judgment despite this "lingering jurisdictional defect," the Remand Order also vacated the Final Judgment entered on June 10, 2025. *Id.* at 23 (quoting *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. ----, 146 S. Ct. 724, 731 (2026) (citation modified)); *see also Hain Celestial*, 146 S. Ct. at 731 ("Because the

jurisdictional defect lingered through judgment, the judgment 'must be vacated.'" (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996))).

The same day the Court issued the Remand Order, the Clerk of the Court mailed a remand letter to state court pursuant to 28 U.S.C. Section 1447(c), along with a copy of the Remand Order. ECF No. 235. Three weeks later, on April 21, 2026, JPMorgan filed a notice of appeal contemporaneously with the instant Motion to Stay.

### ANALYSIS

JPMorgan makes three arguments in support of its Motion to Stay. As a threshold matter, JPMorgan first contends that district courts retain jurisdiction to stay remand orders pending appeal because "the jurisdiction to vacate a remand order necessarily includes the jurisdiction to stay it." ECF No. 240 at 8–9 (citing *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023)). Second, JPMorgan argues that the Remand Order is automatically stayed for thirty days under Federal Rule of Civil Procedure 62(a), and the Remand Order will remain stayed after the automatic stay expires because JPMorgan "has filed a notice of appeal, which divests this Court of jurisdiction to effectuate its remand order when the automatic stay expires." *Id* at 7. Third, and in the alternative, JPMorgan asks the Court to "exercise its discretion to stay its remand order pending appeal." *Id.*

The Court starts with JPMorgan's *second* argument because it is logically prior to the first argument. That is, if the Remand Order is subject to Rule 62(a)'s automatic thirty-day stay and JPMorgan's Notice of Appeal divested this Court of jurisdiction, the Court lacks power to remand this case at all, either on March 31 or after the automatic stay expires. If JPMorgan is correct on this point, then "execution on [the Remand Order] and proceedings to enforce it" were stayed at the time JPMorgan filed its Notice of Appeal, and those proceedings will (effectively, if not formally) remain stayed pending appeal because the Court has lost jurisdiction to send a new remand letter. FED. R. CIV. P. 62(a). If this reasoning is

2

correct, then strictly speaking, the Court does not need to act at all. The Clerk's mailing of the remand letter to state court on March 31 was ineffective, and the Court will lack the power to mail a new letter once the Rule 62(a) stay expires.

The Court agrees with JPMorgan that the Remand Order is subject to Rule 62(a)'s automatic stay. First, as the Court noted in the Remand Order, the Court does not discern that 28 U.S.C. Section 1447(d)'s appellate bar applies here. ECF No. 234 at 19–20 (noting that "had the previous district court recognized that it lacked jurisdiction" before final judgment, "remand to state court would have been mandated by Section 1447(c) and unreviewable on appeal under Section 1447(d)"). This means Rule 62(a)'s automatic stay applies, since a judgment is "any order from which an appeal lies," and JPMorgan can appeal the Remand Order to the Fifth Circuit. FED. R. CIV. P. 54(a).

The Court also agrees that it lost jurisdiction over this case in favor of the court of appeals when JPMorgan filed its Notice of Appeal. JPMorgan cites *Plaquemines Parish* for the idea that district courts retain jurisdiction to stay their remand orders because the power to vacate a remand order includes the power to stay that order. 84 F.4th at 372 ("[W]here a remand order is appealable under section 1447(d), 'the remand order is treated like any other final judgment.' Neither section 1447(c) nor *Arnold* supports the proposition that a district court lacks jurisdiction to stay an order it retains jurisdiction to vacate." (first quoting *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994); then citing *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001))). However, JPMorgan cites no Fifth Circuit authority for the contention that "upon the contemporaneous filing of JPMorgan's notice of appeal, this Court

3

lost jurisdiction to execute the remand at the end of the automatic stay." ECF No. 240 at 10 (internal marks omitted). And for good reason, because the Fifth Circuit does not appear to have squarely addressed that question before.[1]

Instead, JPMorgan cites a well-reasoned district court opinion from the Northern District of Alabama, *Town of Pine Hill, Ala. v. 3M Co.*, No. CV 2:24-284, 2025 WL 994187 (S.D. Ala. Apr. 2, 2025), and an equally thorough Fourth Circuit decision, *City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265 (4th Cir. 2025). Citing the Supreme Court's opinion in *Griggs v. Provident Consumer Discount Company*, both courts held that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" even after a district court has mailed its remand letter to the state court.[2] 459 U.S. 56, 58 (1982); *see also Pine Hill*, 2025 WL 994187, at *3 ("Once the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay."); *City of Martinsville*, 128 F.4th at 270 ("A district court is therefore immediately required to halt all proceedings covered by the *Griggs* principle when

---

[1] However, at least one other court in this District has. In *Texas v. 3M Company*, the court implicitly found that notices of appeal do not divest district courts of jurisdiction to execute remand orders pending appeal. No. 3:25-CV-122, 2025 WL 2939527, at *2 (N.D. Tex. Oct. 16, 2025) ("[T]he Rule 62(a) automatic stay provision applies to the court's remand order, and it is stayed for 30 days from the date of entry of the remand order . . . [but] a discretionary stay pending appeal is not warranted.").

[2] JPMorgan admits the "Ninth Circuit reached a different result in *California ex rel. Harrison v. Express Scripts, Inc.*" ECF No. 240 at 11 (citing 139 F.4th 763 (9th Cir. 2025)). There, the Ninth Circuit held that a district court's remand order was *not* automatically stayed pending appeal in a federal officer removal case. 139 F.4th at 767–68. The court reasoned that reading *Griggs* and *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), "in conjunction with relevant Supreme Court precedent counsels in favor of limiting the *Coinbase* holding to the arbitration context." 139 F.4th at 768. The court emphasized that "the need to respect the jurisdiction of state courts" is especially strong in federal officer removal cases and "automatic stays of federal officer removal appeals could lead to improper delay tactics and do harm to principles of judicial efficiency." *Id.*

Importantly, *Express Scripts* did not involve Rule 62(a)'s automatic-stay provision, but asked whether *Coinbase* independently requires an automatic stay of remands in federal officer removal cases. The Ninth Circuit answered that narrow question in the negative, declining to extend *Coinbase*'s holding to federal officer removals.

a proper notice of appeal is docketed, whether or not the parties ask it to."). These courts reasoned that

> [w]hen a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a). During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. As stated previously, the Court jumped the gun and transmitted the case to the state court before the 30-day period ran. But the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay.

*Pine Hill*, 2025 WL 994187, at *3; *City of Martinsville*, 128 F.4th at 269 ("[T]his 'automatic stay' is, well, *automatic*. As the name implies, and as other contexts confirm, an automatic stay is self-executing." (citations omitted)).

The Court agrees with this approach. Thus: The Rule 62(a) automatic stay began on March 31, when the Court issued the Remand Order. The Court's remand letter was therefore ineffective, and the Court mailed it prematurely. JPMorgan's subsequent filing of its Notice of Appeal during the thirty-day automatic stay then divested this Court of jurisdiction over the "aspects of the case involved in the appeal"—which, as JPMorgan notes, is "the entire case." ECF No. 240 at 10 (first quoting *Griggs*, 459 U.S. at 58; then quoting *Coinbase*, 599 U.S. at 741). Thus, the first remand letter had no effect, and the Court will not be able to mail a second one when the Rule 62(a) stay expires.

It is thus not strictly necessary to address JPMorgan's first argument: that courts retain jurisdiction to stay remand orders pending appeal because the "jurisdiction to vacate a remand order necessarily includes the jurisdiction to stay it." ECF No. 240 at 8–9 (citing *Plaquemines Par.*, 84 F.4th at 372). Here, the Court is not affirmatively staying its Remand Order; it is "clarifying that the Remand Order is stayed for the duration of JPMorgan's appeal." ECF No. 240 at 7 (capitalization altered). The only legal effect of this Order is to inform the parties and the 222nd District Court of Deaf Smith County, Texas that the remand

is currently stayed and will remain stayed pending JPMorgan's appeal to the Fifth Circuit. For this reason, it is also unnecessary to address JPMorgan's alternative request for a discretionary stay under *Nken v. Holder*, 556 U.S. 418 (2009).

Lastly, only the remand itself remains stayed, not the entire Remand Order. That order also vacated the Final Judgment entered on June 10, 2025. Rule 62(a) applies only to "execution on a judgment and proceedings to enforce it." FED. R. CIV. P. 62(a). So the Final Judgment itself remains vacated. But, as JPMorgan notes, it "will be reinstated" if "JPMorgan prevails on appeal." ECF No. 240 at 11.

CONCLUSION

JPMorgan's Motion is **GRANTED**. The Clerk of the Court is **DIRECTED** to inform the 222nd District Court of Deaf Smith County, Texas that the Court's Order remanding this case remains **STAYED** pending JPMorgan's appeal to the United States Court of Appeals for the Fifth Circuit. ECF No. 234.

**SO ORDERED.**

April **29**, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6